**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000994
25-APR-2014
08:21 AM**

NO. CAAP-13-0000994

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
EDWARD CABISON SISON, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 12-1-1724)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Defendant-Appellant Edward Cabison Sison (Sison)
appeals from the Judgment of Conviction and Sentence for one
count of Unauthorized Entry in a Dwelling in the First Degree in
violation of Hawaii Revised Statutes (HRS) § 708-812.55(1)(a)
(Supp. 2013)[1] entered by the Circuit Court of the First Circuit,
(Circuit Court) on April 24, 2013.[2]

On appeal, Sison argues that: (1) the Circuit Court
erred in precluding him from proceeding with a "line of
questioning [] crucial to determining" whether all of the
elements of the charged offense had been met; and (2) the Circuit

---

[1]    HRS § 708-812.55 provides, in pertinent part:

> **Unauthorized entry in a dwelling in the first degree.**
> (1)   A person commits the offense of unauthorized entry in a
> dwelling in the first degree if the person intentionally or
> knowingly enters unlawfully into a dwelling and another
> person was, at the time of the entry, lawfully present in
> the dwelling who:
>
> (a)    Was sixty-two years of age or older[.]

[2]    The Honorable Dexter D. Del Rosario presided.

Court erred in "failing to instruct the jury on the included offense of Criminal Trespass" in the First Degree.

After a careful review of the points raised and arguments made by the parties, the record and the relevant authority, we resolve Sison's points as follows:

1.   The Circuit Court did not err in precluding defense counsel from asking questions regarding the complaining witness's (CW) son's use of the main residence.  The Circuit Court called for a bench conference in response to defense counsel's questions regarding the CW's son's occupation and use of the main residence.  The Circuit Court's concerns were based on the relevance of this line of questioning.[3]

Sison disputed whether the CW "was present" in the dwelling at the time Sison entered CW's dwelling.  At the point of this bench conference, the prosecution had already established that CW and her husband owned the property and lived and slept in a bedroom separate from the "main residence" as depicted in State's Exhibit 17 and at the time of the incident she was outside in a covered patio doing laundry.  Defense counsel had elicited that CW and her husband had "given" their son the "big house" where he lived.

To the Circuit Court's question, "what is the relevance of the other parts of the house, that there's no evidence to show that the defendant entered?" defense counsel stated, "To show that that's not her dwelling.  To show that the dwelling was a room he was in, but she was not inside of her dwelling."  When the Circuit Court stated it understood that CW was not in the separate bedroom and asked, "But what does the son have to do with this?" defense counsel responded, "I'm trying to establish the whole property is not one dwelling."  The Circuit Court told defense counsel, "You can ask that question to establish that she wasn't in the dwelling.  But your questions are irrelevant as to

_____

[3]   Hawaii Rules of Evidence (HRE) Rule 401 provides:

Rule 401   Definition of "relevant evidence".
"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

the son's use of the house and where the son uses and what the kids use."

As this exchange shows, the Circuit Court did not prevent defense counsel from asking questions to establish that there were separate dwellings on the property. Defense counsel thereafter continued his cross-examination of CW, who then testified that she lived in the separate bedroom but was not inside it or inside the main house while Sison was also present. Rather, she testified that she was doing laundry in a "patio covered area" with a "roof" that was "within the property."

Sison argues that "[t]he separate use and occupation of the main residence by [CW's] son and his family went to the very heart of the issue of whether [CW] was present in the dwelling at the time that Sison allegedly entered the garage bedroom" and points to subsequent testimony that CW was seen in the main residence by the police. Sison further contends that the "[e]vidence tending to show that the main residence and the garage were separately occupied was probative of the fact that [CW] was not present in the garage dwelling at the time that [he] entered it," however does not explain how this is true. That CW's other family members lived in the main residence does not make it more or less likely that CW was present in the main residence when Sison entered her dwelling. The Circuit Court did not err in foreclosing the defense from asking questions about use of the main residence by CW's son and son's children. HRE Rules 402 and 403.

2. Sison argues that the Circuit Court erred by not instructing the jury on the included offense of Criminal Trespass in the First Degree in violation of HRS § 708-813(1)(a)(i) (Supp. 2013) (CT1).[4] The parties agree, as do we, that CT1 is a

---

[4]     HRS § 708-813(1) provides in pertinent part:

       **Criminal trespass in the first degree.** (1) A person commits the offense of criminal trespass in the first degree if:

          (a)    That person knowingly enters or remains unlawfully:

                (continued...)

lesser included offense to Unauthorized Entry in a Dwelling in the First Degree. The Hawai'i Supreme Court has recently reaffirmed that "providing instructions on all lesser-included offenses with a rational basis in the evidence is essential to the performance of the jury's function" but overruled the holding in State v. Haanio, 94 Hawai'i 405, 413, 16 P.3d 246, 254 (2001) that the failure to instruct on a lesser-included offense is harmless whenever the jury convicts of a greater offense. State v. Flores, 131 Hawai'i 43, 51, 57, 314 P.3d 120, 128, 134 (2013) (citation and internal quotation marks omitted).

Sison's defense relied heavily on the argument that CW was not present in the dwelling where the Honolulu Police Department officer testified that Sison was discovered. The CW testified that she was doing laundry outside the separate bedroom and had not seen Sison. If the jury believed CW was not "present," it could have acquitted Sison of Unauthorized Entry in a Dwelling in the First Degree and returned a conviction for CT1. Based on this record, we cannot conclude that the failure to instruct on this lesser-included offense was harmless.

Therefore, we vacate the April 24, 2013 Judgment of the Circuit Court of the First Circuit and remand for a new trial.

DATED: Honolulu, Hawai'i, April 25, 2014.

On the briefs:

Craig W. Jerome,
Deputy Public Defender,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[4] (...continued)

    (i)    In a dwelling; or

    (ii)   In or upon the premises of a hotel or apartment building [.]